UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STACY BUTLER,  )<br>  )<br>           Plaintiff,  )<br>  )<br>    v.  )   No. 2:15-cv-00088-JMS-WGH<br>  )<br>DR. KOJ IMAD GEORGE, DR. NAROTAM  )<br>PRADEE,  )<br>  )<br>           Defendants.  ) | |

**Entry Dismissing Case and Directing Entry of Final Judgment**

Plaintiff Stacy Butler brings this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). He alleges that defective screws were placed in his back by the two defendant doctors during a back surgery in 2008 while he was incarcerated at the federal penitentiary in Terre Haute, Indiana, and that this violated his Eighth Amendment rights.

On July 13, 2015, the Court issued an order explaining why Mr. Butler's claims appeared to be barred by the two-year statute of limitations, and it ordered him to show cause why this case should not be dismissed for that reason. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *see also Walker v. Thompson,* 288 F.3d 1005, 1010 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").

Mr. Butler responded to the Court's show cause order. He recognizes that he became aware of the allegedly defective screws in August 2012, but argues that the constitutional injury occurred

from August 2012 through April 2013, when it was decided that he needed another back surgery. Further, Mr. Butler argues that equitable tolling should apply because it took prison officials eight months (from August 2012 to April 2013) to conclude he needed surgery, and during this time he was in so much pain that he could not walk to the law library and thus could not be expected to file a complaint.

The statute of limitations in a *Bivens* claim is the same as that for a claim brought pursuant to 42 U.S.C. § 1983. *See Lewellen v. Morely*, 875 F.2d 118, 119 (7th Cir. 1989); *Bieneman v. City of Chicago*, 864 F.2d 463, 469 (7th Cir. 1988). In these cases, "federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). "In Indiana, such claims must be brought within two years." *Id.* (citing Ind. Code § 34-11-2-4). "But federal law determines when that statute begins to run." *Id. Bivens* and § 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). The Court conducts a two-part inquiry to determine when this standard is met: "First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury." *Id.*

The injury about which Mr. Butler's claims concern are the allegedly defective screws placed in his back during the 2008 surgery performed by the defendants. On August 31, 2012, Mr. Butler complained to prison officials of severe back pain. Dr. Edinger and Physician's Assistant Fascianna x-rayed Mr. Butler's spine and, according to Mr. Butler, determined that the screws the defendants had placed in his back during the 2008 surgery were broken and causing Mr. Butler's severe back pain. Thus, on August 31, 2012, Mr. Butler knew or should have known "that his or her constitutional rights [may] have been violated," and thus had to bring his claims within two

year of that date. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). But he did not file the instant suit until more than two years later, on March 15, 2015 (the date his initial filing was signed).

Neither of Mr. Butler's arguments for why his claims are not barred by the statute of limitations is persuasive. First, he argues that the constitutional injury occurred from August 2012 (when he was informed the screws were causing him back pain) through April 2013 (when it was decided he needed another surgery), and thus he had two years from April 2013 to bring this action. But the statute of limitations does not begin to run once the injury from the alleged constitutional violation is addressed; it begins to run when "the plaintiff knew or should have known that his constitutional rights had been violated." *Id.* Mr. Butler admittedly knew his constitutional rights had been violated on August 31, 2012, even if the injury caused by the violation was not solved until later. Therefore, the statute of limitations began running on August 31, 2012, not in April 2013.

Nor does the fact that the harm from the alleged constitutional violation continued after August 31, 2012, make it a continuous violation, which would allow suit two years from the latest violation. "A violation is continuing where it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013) (citation and quotation marks omitted). But Mr. Butler only alleges a single constitutional violation—namely, that allegedly defective screws were used by the defendants during his 2008 surgery. Accordingly, there were not continuous constitutional violations alleged such that the continuous violation doctrine applies.

Finally, there is no basis for equitable tolling to apply.[1] "Equitable tolling of the statute of limitations permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Savory*, 469 F.3d at 673. "Such may be the case if the plaintiff is unable to determine who caused his injury, has received inadequate notice, or if the appointment of counsel is pending." *Id.*; *see Shropshear v. Corporation Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001) ("Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim."). Mr. Butler argues that equitable tolling should apply because it took prison officials eight months (from August 2012 to April 2013) to conclude he needed surgery, and during this time he was in so much pain that he could not walk to the law library and thus could not be expected to file a complaint. Even if true, Mr. Butler cannot establish that he acted diligently in pursuing his claims, as he could have brought this action any time between April 2013 and August 31, 2014. Nor does Mr. Butler explain what information he lacked that bears on the existence of his claim; he was allegedly told in August 31, 2012, by two medical professionals that the cause of his back pain was the screws placed in his back during the 2008 surgery. For these reasons, equitable tolling is unavailable to Mr. Butler.

"It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [him]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)

---

[1] The Court notes that Mr. Butler stated that he did not file a grievance concerning the facts and claims asserted in this action, and thus there is no argument that the limitations period should be tolled for the period during which he was exhausting his administrative remedies.

(citations omitted).  Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). Because Mr. Butler has pled facts that show that his *Bivens* claim is barred by the two-year statute of limitations and his response to the Court's show cause order failed to establish that dismissal on this basis is unwarranted, his claim is **dismissed** and judgment consistent with this Entry shall issue.

Date:  __08/10/2015__

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Stacy Butler
05373-017
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837